IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANKIE L. MARTIN, SR., AND | ) | |
| TERESA R. MARTIN, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-824-D |
| | ) | |
| JOHN NATION, | ) | |
| Defendant. | ) | |

### FINDINGS CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I.

Plaintiffs Frankie L. Martin, Sr., and Teresa R. Martin ("Plaintiffs") are proceeding *pro se* and the Court has granted them leave to proceed *in forma pauperis*. Defendant is attorney John Nation. Plaintiffs filed this complaint alleging diversity jurisdiction. Plaintiffs are residents of Arkansas, and Defendant is a resident of Texas. Plaintiffs claim $100 million in damages.

In 2003 and 2004, Plaintiffs both pled guilty to conspiracy to commit money laundering. *United States v. Martin*, 3:02-CR-283-R (N.D. Tex.). Plaintiffs claim that in 2007, attorney Nation failed to file an appeal of the denial of their motion to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] Plaintiffs seek $100 million dollars in damages.

---

[1] The docket sheet in cause number 3:02-CR-283-R shows that attorney John Nation made an appearance on behalf of Teresa Martin, but it does not show he made an appearance for Frankie Martin. (*See* ECF No. 110.)

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**      Page -1-

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

III.

Plaintiffs' claims of legal malpractice are barred by the statute of limitations. The statute of limitations for legal malpractice is two years. TEX. CIV. PRAC. & REM. Code § 16.003(a); *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 120 (Tex. 2001). The limitations period "generally begins to run when the cause of action accrues, which [the Texas Supreme Court] has determined means when the facts have come into existence that authorize a claimant to seek judicial remedy." *Apex Towing*, 41 S.W.3d at 121. Alternatively, the statute of limitations runs from the date the client discovers, or should have discovered through the exercise of reasonable care, the facts establishing the cause of action. *Id.*

In this case, under either limitations start date, Plaintiffs' claims are barred by limitations.

First, the cause of action accrued when attorney Nation failed to timely file an appeal in Plaintiffs' § 2255 cases. The record shows that judgment was entered on Plaintiff Teresa Martin's § 2255 on September 12, 2008. The notice of appeal was due sixty days later, or on November 11, 2008. *See* Fed. R. App. P. 4(a)(1)(B). The statute of limitations therefore began to run on November 11, 2008, and expired on November 11, 2010. Plaintiff Teresa Martin did not file this complaint until March 23, 2016.

In Frankie Martin's case, judgment was entered dismissing his § 2255 petition on September 28, 2005. The notice of appeal was due sixty days later, or on November 28, 2005. *See* Fed. R. App. P. 4(a)(1)(B). The statute of limitations therefore began to run on November 28, 2005, and expired on November 28, 2007. Plaintiff Frankie Martin did not file this complaint until March 23, 2016.

Alternatively, the statute of limitations began to run when Plaintiffs discovered, or should have discovered through the exercise of reasonable care, the facts establishing the cause of action. In this case, Plaintiffs state they learned thirty days after entry of judgment that Defendant Nation had not filed an appeal. (Magistrate Judge's Questionnaire, Answer No. 1.)

In Teresa Martin's case, judgment was entered on September 12, 2008. Teresa Martin therefore knew of her claim thirty days later, or by October 12, 2008. She then had two years, or until October 12, 2010, to file her claims. She did not file this complaint until March 23, 2016.

In Frankie Martin's case, judgment was entered on September 28, 2005. Frankie Martin knew of his claims thirty days later, or by October 28, 2005. He then had two years, or until October 28, 2007, to file his claims. He did not file this complaint until March 23, 2016.

Plaintiffs' complaint is untimely. Plaintiffs have also failed to allege any facts entitling

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -3-

them to equitable tolling of the limitations period. Plaintiffs' complaint should therefore be dismissed.

## IV.

The Court recommends that Plaintiffs' complaint be dismissed with prejudice as barred by the statute of limitations.

Signed this 6 day of May, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).